UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**JOSEPH R. DICKEY,**

    **Plaintiff,**

v.                                  Case No. 5:23-cv-48-MCR-MJF

**UNITED STATES OF AMERICA,**

    **Defendant.**

                                      /

**ORDER**

The Magistrate Judge has issued a Report and Recommendation ("R&R"), ECF No. 38, recommending dismissal for lack of subject matter jurisdiction, after concluding that the Bureau of Prisons' ("BOP") decision to attach a cable to a chair to secure prison property is covered by the discretionary function exception to the Federal Tort Claims Act ("FTCA"). The parties were furnished a copy of the R&R and afforded an opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). Dickey objected. ECF No. 39. On *de novo* review, the undersigned concludes that the R&R should be adopted in part and rejected in part.

Briefly, Plaintiff Joseph R. Dickey, a federal inmate, brought this FTCA suit against the Government, alleging he was injured when he tripped on a cable that attached a chair to a computer table in his housing unit. The Government moved for

summary judgment, claiming that the discretionary function exception precludes federal jurisdiction because the decision of "whether and how to secure the chair at issue" is presumed to be grounded in policy and therefore is discretionary. ECF No. 35 at 10; *see also* 28 U.S.C. § 2680(a) (providing that the FTCA waiver of sovereign immunity does not apply to an employee's "failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused"). In response, Dickey presented affidavits from inmates stating that they had previously complained of the tripping hazard but the BOP took no action to ameliorate or warn of the hazard.[1]  Dickey argued that the BOP's Occupational Safety and Health Policy, Program Statement No. 1600.11 ("Program Statement") created a nondiscretionary duty to report and correct safety hazards, precluding application of the discretionary function exception, and he argued there was no policy basis or room for discretion for leaving a known safety hazard in place. The Government did not reply.

The Magistrate Judge determined that the BOP's decision to secure a chair with a cable falls within the discretionary function exception, precluding jurisdiction. On *de novo* review, the undersigned agrees generally with that decision

---

[1] The inmate affidavits also confirmed Dickey's allegation that the cable was gray, the same color as the cabinet and floor, and no efforts were made to make the cable visible or to warn of it. One inmate stated that he had tripped on the cable while working his prison job, which included cleaning the computers on the table, and he reported the hazard to his supervisor.

but finds merit in Dickey's objection that this was not the crux of his claim. Instead, he challenges the BOP's conduct of ignoring a safety hazard despite having notice of it before his injury. This conduct, when properly framed, was fairly presented in the allegations of the Complaint and his response to the summary judgment motion but was not fully addressed in the R&R.[2]

Initially in evaluating whether the discretionary function exception applies, the Court must "determine exactly what conduct is at issue." *Swafford v. United States*, 839 F.3d 1365, 1370 (11th Cir. 2016) (quoting *Autery v. United States*, 992 F. 2d 1523, 1527 (11th Cir. 1993)). Then, under the Supreme Court's two-step inquiry for determining whether the discretionary function exception applies to a government employee's conduct, the Court considers: (1) whether the conduct or decision involves judgment or choice, and (2) whether that judgment is the "kind that the discretionary function exception was designed to shield." *See United States v. Gaubert*, 499 U.S. 315, 322–23 (1991).

Even when the conduct is properly framed as the BOP ignoring a known safety hazard after complaints, without so much as posting a warning sign, the

---

[2] The Government did not present any evidence to contradict the inmate affiants' statements that complaints of this tripping hazard were made before Dickey's injury yet nothing was done, not even taping a warning sign to the desk. Therefore, there was no dispute of fact to resolve on the issue of the Government's notice, and the Magistrate Judge made no adverse credibility determinations that would justify disregarding the affidavits in determining this jurisdictional question.

undersigned concludes that step one of *Gaubert* is satisfied. As discussed in the R&R, there is no federal statute, regulation, or policy that specifically prescribes a course of action for a BOP employee to follow in this circumstance.[3] Therefore, the decision of how to remedy this safety hazard involved an element of judgment or choice. Thus, only the step-two inquiry is at issue.

The Supreme Court has explained that at step two—determining whether that judgment is the "kind that the discretionary function exception was designed to shield"—a presumption arises. *Gaubert*, 499 U.S. at 322–23. Where a statute, regulation or policy "allows the employee discretion, the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulations." *Id.* at 324. The focus of this inquiry is "on the nature of the actions taken and on whether they are susceptible to policy analysis." *Id.* at 325; *see also Foster Logging, Inc. v. United States,* 973 F.3d 1152, 1165 n.9 (11th Cir. 2020) (stating the determination of whether the conduct is "susceptible to policy considerations" is objective and unconcerned with whether the employees "actually weighed any particular policy considerations"). So, Dickey must rebut that

---

[3] To the extent Dickey objects on grounds that the BOP's OSHA Program Statement No. 1600.11 created a nondiscretionary duty that applies here, the objection is overruled for the reasons stated in the R&R.

presumption by showing that "the challenged action is not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *Gaubert*, 499 U.S. at 324–25; *Cuadrado-Concepcion v. United States*, 851 F. App'x 985, 990 (11th Cir. 2021).

According to the record, several inmates had previously complained to BOP staff that the cable was a tripping hazard, and nothing was done to remove the hazard or warn of it, not even posting a simple warning, such as a paper sign taped to the desk. This was not a permissible policy choice. *See Swafford*, 839 F.3d at 1371–72 (concluding at the second *Gaubert* step that once the discretionary decision had been made to build and maintain a stairway at a campsite, choosing to *not* maintain the stairs in a safe condition was "simply not a permissible exercise of policy judgment"). The Government argued in its motion only that securing the chairs with a cable was a day-to-day management decision based on policy considerations and offered no response, evidence, or even argument to the affidavits supporting Dickey's assertion that the BOP simply ignored complaints of this specific safety hazard. Objectively, this is not the *kind of conduct* grounded in or even consistent with the relevant underlying regulatory scheme and policies and, in fact, runs contrary to them. *See* 18 U.S.C. § 4042(a) (setting out a mandatory but discretionary duty to "provide for the safekeeping, care, and subsistence" of all inmates); BOP Program Statement No. 1600.11 (stating its purpose as including the provision of "a

safe environment for facility occupants"). In no way could ignoring complaints of this specific safety hazard be considered a "discretionary act authorized" by the statute or Program Statement. *Gaubert*, 499 U.S. at 324.

The Magistrate Judge relied in part on *Foster Logging, Inc. v. United States,* 973 F.3d 1152, 1164–69 (11th Cir. 2020), which requires consideration of whether an agency action is susceptible to policy considerations in an objective, general sense. In *Foster Logging*, the Eleventh Circuit distinguished *Swafford*. There, the court had concluded that once government officials exercised discretion to build a static set of stairs, they had no permissible policy choice to decline to maintain them in a safe condition. The court in *Foster Logging* reasoned that the conduct of maintaining a controlled burn was different in that controlling an unpredictable fire was susceptible to many policy choices, so the discretionary function exception applied.

Here, similar to *Swafford* and contrary to *Foster Logging,* while there was a range of permissible policy choices in deciding how to respond to the static safety hazard that the BOP had created, the conduct challenged was the BOP's decision to do *nothing* once the hazard was identified, which was not susceptible to policy considerations on this record.[4] The Government in this case made no effort to offer

---

[4] The outcome would be different if the challenge pertained to whether a warning was adequate or the issue involved choosing a particular warning over another. While that type of

any permissible policy-based justification for the BOP's failure to act in even the simplest way on the known complaints, and the undersigned can imagine none. The failure to address the hazard in any way is particularly troublesome when the only relevant statute *requires* the BOP to provide for the safekeeping and care of inmates and the BOP's own policy encourages immediate reports of safety hazards for the purpose of prompt abatement, and a simple warning would have remediated the hazard. Other circuits have concluded in similar circumstances that, "where the Government is aware of a specific risk and responding to that risk would only require the Government to take garden-variety remedial steps, the discretionary function exception does not apply" because "no broad policy concerns" are involved in "garden-variety remedial steps." *S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329, 339–40 (3d Cir. 2012) (citing cases from the Third, Ninth, and Tenth Circuits); *see also George v. United States*, 735 F. Supp. 1524, 1533 (M.D. Ala. 1990) (concluding no reasonable range of choice or discretion existed for the failure to take *any* remedial action where the government was on notice of a particular hazard—in that case, the presence of alligators in the swimming area). These cases are persuasive and support the undersigned's conclusion that because the Government

---

"[d]ay-to-day management" decision "regularly requires judgment as to which of a range of permissible courses is the wisest," *Foster Logging*, 973 F.3d at 1162 (quoting *Gaubert*, 499 U.S. at 325), that is not this case.

was on notice of this specific safety hazard for which a garden-variety remedy would suffice, "the decision to do nothing in spite of the known danger was not an option." *George*, 735 F. Supp. at 1533; *see also Swafford,* 839 F.3d at 1372 (requiring a *permissible* exercise of policy judgment). The Court concludes that Dickey has rebutted the presumption, and the discretionary function exception does not apply to this aspect of his claim.[5]

Accordingly:

1. The Magistrate Judge's Report and Recommendation, ECF No. 38, is rejected as to Dickey's claim that BOP employees ignored complaints that the cable was a tripping hazard and failed even to warn of it, which the Court finds is not subject to the discretionary function exception, and in all other respects, it is adopted and incorporated by reference into this Order.

2. Defendant's motion for summary judgment, Doc. 35, construed as a motion to dismiss for lack of subject-matter jurisdiction, is **GRANTED in part** and **DENIED in part,** consistent with this Order.

---

[5]The Court rejects Dickey's argument that the Magistrate Judge should have given more consideration to the "lazy guard theory," articulated by the Second Circuit. *See Coulthurst v. United States*, 214 F.3d 106, 109 (2d Cir. 2000) (stating conduct is not "grounded in consideration of governmental policy" if based on laziness of the sort that causes a failure to inspect, an inattentive failure to notice a hazard, or being too lazy to make repairs or deal with paperwork necessary to make a report). The Magistrate Judge correctly determined that the Eleventh Circuit has not addressed or adopted it, and in any event, the Court finds no need to address it here because the facts on this record do not specifically identify laziness or inattentiveness by a particular guard.

3. The Clerk is directed to refer this case to the assigned Magistrate Judge for further proceedings.

**DONE AND ORDERED** this 31st day of March, 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**